Pryor & Mandelup, L.L.P.
Attorneys for Defendant
Gustavo Andres Patino Ocampo
a/k/a Andres Patino
675 Old Country Road
Westbury, NY 11590
Tel: (516) 997-0999
A. Scott Mandelup, Esq.
asm@pryormandelup.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re:

**BARNETT CORPORATION, et. al.,**                  Chapter 7

                                                                              Case No. 8-22-73623-ast
                                                                              (Jointly Administered)

                                    **Debtors.**
-------------------------------------------------------------------x
**ALLAN B. MENDELSOHN, SOLELY IN HIS**
**CAPACITY AS THE CHAPTER 7 TRUSTEE**
**OF THE ESTATES OF BARNETT CORP.**
**AND BARNETT FOREST LLC, and**
**WEBSTER BUSINESS CREDIT, A DIVISION**
**OF WEBSTER BANK, AS AGENT FOR ITSELF**
**AND VALLEY NATIONAL BANK, M&T**
**BANK, FLUSHING BANK, BERKSHIRE BANK,**     Adv. Pro. No. 8-24-08152-ast
**ROCKLAND TRUST COMPANY, AND**
**MIZRAHI TEFAHOT BANK LTD., LOS**
**ANGELES BRANCH,**

                                    **Plaintiffs,**

**BETH ROSENTHAL,** *et al*,

                                    **Defendants.**
-------------------------------------------------------------------x

       Defendant, Gustavo Andres Patino Ocampo a/k/a Andres Patino ("Defendant"), as and for his Answer to the Complaint (the "Complaint") dated December 20, 2024, of Plaintiffs, Allan B. Mendelsohn, as the trustee of Barnett Corp. ("Barnett") and Barnett Forest LLC ("Barnett Forest" and together with Barnett, "Debtors" and each a "Debtor") in the above-captioned

Chapter 7 case, and Webster Business Credit ("Webster" and together with the Trustee, "Plaintiffs" and each a "Plaintiff"), by his attorneys, Pryor & Mandelup, L.L.P., respectfully alleges as follows:

1. Defendant denies each allegation contained in Paragraphs 1, 3, 4, 5, 6, 9-12, 107, 108, 110, 156, 157, 244-247, 257, 259, 274, 276, 290, 314, 319, 438, 439, and 1101-1103 of the Complaint as said allegations relate to Defendant and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to any other defendant.

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 2, 7, 13, 20, 23-25, 37-40, 47, 49, 51, 52, 55-85, 87, 89-106, 109, 111-114, 116-130, 132-134, 136, 138-155, 159-191, 197, 218, 222, 225, 226, 228-235, 238, 240-242, 249-255, 258, 260, 278-280, 286-289, 292-304, 306-313, 315-318, 321, 332, 333, 340, 341, 345-364, 366, 368-373, 376-379, 388-390, 400-427, 429-436, 440, 443-445, 450, 454-458, 460, 462-464, 467-474, 476-478, 480, 481, 482, 484-486, 488-492, 494-497, 499-502, 504, 505-507, 509-511, 513-519, 521-524, 526-537, 539-541, 543-545, 547-551, 553-556, 558-561, 563-566, 568-570, 572-576, 585-589, 591, 599-601, 603-605, 613-615, 622-624, 632, 753-758, 760-764, 766-772, 774-776, 778-780, 782-784, 786-790, 792-795, 797-800, 802-805, 807-809, 811-816, 818-822, 824-830, 832-834, 836-838, 840-842, 844-848, 850-853, 855-858, 860-863, 865-867, 876-878, 882, 890, 894, 904, 905, 913-915, 923, 927-932, 934-938, 940-946, 948-950, 952-954, 956-958, 960-964, 966-969, 971-974, 976-979, 981-983, 985-990, 992-996, 998-1004, 1006-1008, 1010, 1011, 1012, 1014-1016, 1018-1022, 1024-1027, 1029-1032, 1034-1037, 1039-1041, 1043-1048, 1050-1054, 1056-1062, 1064-1066, 1068-1070, 1072-1074, 1076-1080, 1082-1085, 1087-1090, 1092-1095, 1097-1099, 1126-1133, 1135-1144, 1146-1156, 1158-

1166, 1168-1175, 1177-1186, 1188-1200, 1202-1210, 1212-1225 and 1227-1235 of the Complaint.

3.  Defendant denies each allegation contained in Paragraph 8 as it relates to Defendant and defendants Angela, Repapers, Maddux, Fruit Pack, SP Logistics, Surpapelcorp, Comercializadora, IPS, and IPS Coop, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to other defendants.

4.  No response is required to the legal allegations contained in Paragraphs 13-19, 594, 653, 711, 885, and 1117 of the Complaint. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations and refers all questions of law to the Court for determination.

5.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint. Defendant does not consent to the entry of final orders by the Bankruptcy Court if it is determined that the Bankruptcy Court cannot, absent the consent of Defendant, enter final orders or judgments consistent with Article III of the United States Constitution.

6.  Defendant admits the allegations of Paragraphs 21, 22, 26-33, 41-44, 54, 158, 198, 200, 202, 223, 227, 236, 237, 239, 248, 262, 263, 305, 324, 380, 381, 385, 386, 391, 393-395, 595, 654, 712, 886, and 1112-1115 of the Complaint.

7.  Defendant denies each allegation contained in Paragraph 34 of the Complaint, except admits that defendant Repapers Corporation is a Florida corporation.

8.  Defendant denies each allegation contained in Paragraph 35 of the Complaint, except admits that defendant Fruit Pack Corporation is a New York corporation.

9. Defendant denies each allegation contained in Paragraph 36 of the Complaint, except admits that defendant SP Logistics International Inc. is a New York corporation.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint, except admits that defendant International Packaging Systems LLC is a Delaware limited liability company.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint, except admits that defendant International Packaging Systems Holdings Cooperatief U.A. is a Netherlands corporation.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint, except admits that defendant Industrial Cartonera Palmar S.A. is an Ecuador corporation.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 53 of the Complaint that Barnett was founded in 1996, and admits all other allegations in Paragraph 53.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint, except admits that on December 22, 2022, the Barnett Entities commenced voluntary Chapter 7 bankruptcy cases in the Court.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 88 and 216 of the Complaint and refers the Court to the documents referred to therein for the terms thereof.

5. Defendant denies each allegation contained in Paragraphs 115, 205, 210, 213, 224, 237, 243, 256, 264-270, 273, 281, 283, 284, 291, 320, 322, 326-328, 330, 331, 336-339,

343, 344, 375, 382-384, 396-398, 449, 459, 465, 578-583, 592, 593, 596, 597, 607-609, 611-612, 617-620, 625, 627-630, 633, 634, 636-642, 644-648, 650-656, 658-660, 662-664, 666-668, 670-674, 676-679, 681-684, 686-689, 691-693, 695-700, 702-706, 708-714, 716-718, 720-722, 724-726, 728-732, 734-737, 739-742, 744-747, 749-751, 869-874, 879, 880, 887, 888, 891, 892, 895, 896, 898-900, 902, 903, 906, 908-911, 916, 918-921, 924, 925, 1102, 1103, 1105-1108, 1110, 1111, 1116, 1118-1121, 1123 and 1124.

6. Defendant denies each allegation contained in Paragraph 131 of the Complaint, except admits that Barnett bought and sold inventory from arms-length third parties.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 of the Complaint, except admits that Defendant testified at a deposition and refers the Court to the transcript thereof for the contents thereof.

8. Defendant denies each allegation contained in Paragraph 137 of the Complaint, except admits that Defendant testified and refers the Court to the transcript thereof for the contents thereof, admits that: (a) defendant IPS is a 100% shareholder of defendant IPS Corp., (b) defendant IPS Corp. is a 68% shareholder of defendant Comercializadora, and (c) 50% of the membership interests of defendant IPS are owned by three trusts established by Jason.

9. Defendant denies each allegation contained in Paragraph 192 of the Complaint, except admits that Defendant has known Jason since in or about 1995.

10. Defendant denies each allegation contained in Paragraphs 193-196 of the Complaint, except admits that: (a) Defendant was employed by Barnett from 2000 until October 2018, (b) after ceasing to be an employee of Barnett, Defendant was a consultant to Barnett assisting in the collection of accounts receivable due to Barnett and Defendant was an employee

of Repapers, (c) Defendant is the 100% shareholder of defendant SPC Logistics, and (d) Defendant is the 75% shareholder of defendant Repapers.

11. Defendant denies each allegation contained in Paragraph 201 of the Complaint, except admits that in 2018 Defendants transferred his ownership interest in defendant IPS to various trusts and upon information and belief, in 2018, Jason transferred his ownership interest in defendant IPS to various trusts.

12. Defendant denies each allegation contained in Paragraph 203 of the Complaint, except admits that defendant IPS Coop owned 68% of the shares of defendant Comercializadora and that Comercializadora is an Ecuadorian holding company.

13. Defendant denies each allegation contained in Paragraph 204 of the Complaint, except admits that: (a) defendant Comercializadora owns 74.976% of the stock of defendant Procarsa and 35.29% of defendant Surpapel, (b) defendant Procarsa operates a box factory, and (c) defendant Surpapel is a manufacturer of recycled paper in Ecuador.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206 of the Complaint, except denies each allegation contained in paragraph 206 of the Complaint as it relates to Defendant and defendant Paula.

15. Defendant denies each allegation contained in Paragraph 207 of the Complaint, except admits that in 2018, Defendant received $500,000 from Barnett at the time he ceased to be employed by Barnett, and Defendant received $100,000 from Surpapel Peru.

16. Defendant denies each allegation contained in Paragraph 208 of the Complaint, except admits that: (a) he owns 100% of the stock of defendant SPC Logistics, (b) he owns 75% of the stock of defendant Repapers, and (c) he is an employee of defendant Fruitpack.

17. Defendant denies each allegation contained in Paragraph 209 of the Complaint, except admits that defendants Fruitpack and SPC Logistics are New York entities.

18. Defendant denies each allegation contained in Paragraph 211 of the Complaint, except admits that Defendant has received payroll payments from defendants Fruitpack and Repapers, and received wire transfers from Surpapel Peru.

19. Defendant denies each allegation contained in Paragraph 212 of the Complaint, except admits that defendant Paula is a former employee of Barnett and a 25% shareholder of defendant Repapers.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 214 of the Complaint, except admits that defendant Paula had access to the bank accounts of defendant Fruit Pack and Repapers.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 215 of the Complaint, except admits that defendant Paula and Defendant have regularly communicated at various times, and denies involvement in any "scheme."

22. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 216 and 217 of the Complaint and refers the Court to the documents referred to therein for the contents thereof.

23. Defendant denies each allegation contained in Paragraph 219 of the Complaint, except admits that defendant Paula was actively involved in the business of defendant Repapers.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220 of the Complaint, except admits that defendant Paula had access to the bank accounts of defendants Repapers and Fruitpack.

25. Defendant denies each allegation contained in Paragraph 221 of the Complaint, except admits that on occasion defendants Paula and Cecelia helped Defendant obtain information for the preparation of tax returns.

26. Defendant denies each allegation contained in Paragraph 236 of the Complaint, except admits that defendant Comercializadora is an Ecuadorian holding company owned 68% by defendant IP Coop and 32% by Stup S.A.

27. Defendant denies each allegation contained in Paragraph 261 of the Complaint, except admits that defendant Repapers is authorized to do business in New York.

28. Defendant denies each allegation contained in Paragraphs 271, 272, 274-276, 365, 367, 439, 446-448, 451 and 452 of the Complaint as they relate to Defendant and denies knowledge or information to form a belief as to the truth of the allegations as they relate to other defendants.

29. Defendant denies each allegation contained in Paragraph 277 of the Complaint, except admits that defendant Repapers paid Jason a salary during the time Jason was employed by Repapers.

30. Defendant denies each allegation contained in Paragraph 282, except admits that from time to time Repapers made payments to Barnett.

31. Defendant denies each allegation contained in Paragraph 285 of the Complaint, except admits that defendant Repapers made payments to defendant Fruitpack.

32. Defendant denies each allegation contained in Paragraph 323 of the Complaint, except admits that defendant Fruitpack is a New York corporation of which defendant Angela is a 100% shareholder.

33. Defendant denies each allegation contained in Paragraph 325 of the Complaint, except admits that defendant Paula had online access to defendant Fruitpack's bank accounts from the Summer of 2023 until August 2024, and defendant Angela had access to defendant Fruitpack's bank accounts after August 2024.

34. Defendant denies each allegation contained in the first, second and third sentences of Paragraph 328, and denies the allegations contained in the fourth sentence of Paragraph 328 as they relate to Defendant and defendant Angela, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence as to other defendants.

35. Defendant denies each allegation contained in Paragraph 329 of the Complaint, except admits that Defendant is the 100% shareholder of defendant SPC Logistics.

36. Defendant denies each allegation contained in Paragraphs 334, 335, and 342 of the Complaint, except admits that: (a) defendant Procarsa is an Ecuadoran corporation with a box manufacturing factory in Ecuador and is owned 74.776% by defendant Comercializadora, 20% by defendant IPS, 3.024% by Oscar Illingworth, and 2.0% by Antonia Patina; (b) Procarsa is managed by its General Manager, Jose Milan; and (c) Procarsa made payments to Barnett for purchases of product.

37. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 374 of the Complaint, except admits, upon information and belief, that in 2023, defendant Beth received payments from defendant Fruitpack, and refers the Court to the relevant documents for the dates and amounts of the payments.

38.     Defendant denies each allegation contained in Paragraph 387 of the Complaint, except admits, upon information and belief, that defendant Jason transferred his ownership interest in defendant IPS to various trusts in 2018, and admits that Defendant transferred his ownership interest in defendant ISP to defendants the Andres Trusts in 2018.

39.     Defendant denies each allegation contained in Paragraph 392 of the Complaint as it relates to Defendant, and admits the allegations in Paragraph 392 of the Complaint as they relate to defendant Angela.

40.     Defendant admits the allegations contained in Paragraph 399 of the Complaint as they relate to the Andres Trusts and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to Jason and any trusts established by Jason.

41.     Defendant denies each allegation contained in Paragraph 428 of the Complaint as they relate to Defendant and/or defendants Repapers, Fruitpack, and Surpapel Corp., and denies knowledge or information sufficient to form a belief as to the truth of the allegations as they relate to any other defendant, and Defendant refers all questions of law to the Court for determination.

42.     In response to Paragraphs 437, 441, 442, 453, 461, 466, 475, 479, 483, 487, 493, 498, 503, 508, 512, 520, 525, 534, 538, 542, 546, 552, 557, 562, 567, 571, 577, 584, 590, 598, 602, 606, 610, 616, 621, 626, 631, 635, 643, 649, 657, 661, 665, 669, 675, 680, 685, 690, 694, 701, 707, 715, 719, 723, 727, 733, 738, 743, 748, 752, 759, 765, 773, 777, 781, 785, 791, 796, 801, 806, 810, 817, 823, 831, 835, 839, 843, 849, 854, 859, 864, 868, 875, 881, 889, 893, 897, 901, 907, 912, 917, 922, 926, 933, 939, 947, 951, 955, 959, 965, 970, 975, 980, 984, 991, 997, 1005, 1009, 1013, 1017, 1023, 1028, 1033, 1038, 1042, 1049, 1055, 1063, 1067, 1071, 1075, 1081, 1086, 1091, 1096, 1100, 1104, 1109, 1122, 1125, 1134, 1145, 1157, 1167, 1176, 1187,

1201, 1211, and 1226 of the Complaint, Defendant repeats and re-alleges each and every answer set forth above to the paragraphs of the Complaint referred to therein as if fully stated herein.

43. Defendant denies each allegation of the Complaint not heretofore expressly admitted herein.

## FIRST AFFIRMATIVE DEFENSE

44. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted to either Plaintiff against Defendant.

## SECOND AFFIRMATIVE DEFENSE

45. The claims against Defendant are barred, in whole or in part, to the extent that interested, required, necessary and/or dispensable parties have not been joined in this action.

## THIRD AFFIRMATIVE DEFENSE

46. Plaintiff Trustee lacks standing to assert some or all of the claims against Defendant.

## FOURTH AFFIRMATIVE DEFENSE

47. To the extent the Plaintiffs Trustee seeks to recover damages against Defendant, such damages were not proximately caused by any conduct of Defendant.

## FIFTH AFFIRMATIVE DEFENSE

48. Upon information and belief, some or all of the claims against Defendant are barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

49. Equity and justice preclude the granting of same or all of the relief sought in the Complaint as against Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

50. Plaintiff Webster Business Credit, A Division of Webster Bank, has improperly been joined as a party plaintiff in this Adversary Proceeding

**WHEREFORE,** Defendant, Gustavo Andres Patino Ocampo a/k/a Andres Patino respectfully demands judgment against the Plaintiffs dismissing the Complaint with prejudice on all Claims alleged against Defendant, together with reasonable attorney's fees, and the costs and disbursements of this action, and for such other and further relief as this Court deems just and proper.

Dated: Westbury, New York
       January 29, 2025
                               PRYOR & MANDELUP, L.L.P.

                               Attorneys for Defendant Gustavo
                                 Andres Patino Oxcampo a/k/a

                          By: s/ *A. Scott Mandelup*
                              A. Scott Mandelup
                              675 Old Country Road
                              Westbury, New York 11590
                              Telephone: (516) 997-0999
                              asm@pryormandelup.com